FRANCIS D. MOULTON, APPELLANT, *v.* HENRY WARD BEECHER, RESPONDENT.

*Malicious prosecution — Entry of nolle prosequi with defendant's assent, a sufficient end of the prosecution to support an action.*

THE complaint alleged, in substance, that the defendant falsely and maliciously, and without any probable cause, procured the indictment of the plaintiff for alleged criminal libels on the defendant.

That defendant, falsely and maliciously and without any reasonable or probable cause, procured a warrant for the arrest of plaintiff, upon the aforesaid indictment, to answer the charges therein made against him as aforesaid, and afterward caused plaintiff to be taken in custody, and carried before a judge of the City Court of Brooklyn, and to be then and there compelled to give a bond to appear for trial therein.

That defendant, falsely and maliciously and without any reasonable or probable cause, procured plaintiff to be arraigned before said City Court, and compelled him to plead to said indictment.

That plaintiff pleaded not guilty and was then, and ever since has been, ready and anxious to stand trial on said indictment; but the district attorney in and for the county of Kings, after consulting with defendant and in compliance with his request, but against the will and protest of plaintiff, did, on or about the 22d day of October, 1875, move the said City Court of Brooklyn, that a *nolle prosequi* be entered as to said indictment, and the prosecution thereof against the plaintiff; and the said City Court did, then and there, grant said motion, and it was thereupon adjudged and ordered by the said court that a *nolle prosequi* should be allowed and entered as to said indictment and prosecution against plaintiff, and the same was allowed and entered of record in said court.

That the said indictment, complaint and prosecution, and each of them, is wholly ended and determined in favor of plaintiff, in the manner set forth in the last preceding paragraph.

That, by reason of the premises, plaintiff has been injured in his good name and wounded in his feelings, and involved in expense and subjected to insult and oppression, to his damage $50,000.

Wherefore plaintiff demands judgment for $50,000 and costs.

The defendant demurred to the complaint, on the ground that, as it appears upon the face thereof, the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was sustained at the Special Term, on the ground that there was no sufficient averment that the action was terminated in plaintiff's favor, and from the order sustaining it the plaintiff appealed.

The court at General Term say : " The prosecution complained of in this action, as falsely and maliciously made, was criminal. The plaintiff avers that the defendant falsely accused him of perjury, and that he made the accusation maliciously. The criminal charge resulted in an indictment, and the complaint avers, that the prosecution thereof has been terminated in plaintiff's favor, by the entry of a *nolle prosequi* on motion of the district attorney of the county where the indictment was pending and triable, and with leave of the court. That the motion was made ' after consulting with defendant, and in compliance with his request.' * * * This was a sufficient averment of the termination of the criminal charge in favor of plaintiff. * * *

The judgment at Special Term should be reversed, and the demurrer overruled, with costs."

*Roger A. Pryor,* for the appellant. *Shearman & Sterling,* for the respondent.

Opinion by BARNARD, P. J.; GILBERT, J., concurred. DYKMAN, J., not sitting.

Order sustaining demurrer reversed, with costs, and demurrer overruled, with costs, with leave to defendant to answer in twenty days.